**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ascension GUERECA–TRISTAN,
Defendant–Appellant.**

**No. 05–40414.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Ascension Guereca–Tristan (Guereca) pleaded guilty to attempted illegal reentry after deportation and was sentenced to 72 months of imprisonment and three years of supervised release. He contends for the first time on appeal that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662).

Guereca contends that 8 U.S.C. § 1326(b) is unconstitutional and that this court should vacate his sentence and remand his case for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a). As he concedes, this contention is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.